IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**Randall Joe Moore**                                                                                       **Plaintiff**

**v.**                                         **No. 4:13-CV–453-JM-JTK**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                              **Defendant**

### Recommended Disposition

#### Instructions

The following recommended disposition was prepared for U.S. District Judge James M. Moody, Jr.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Moody may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Randall Joe Moore seeks judicial review of the denial of his application for disability insurance income (DIB).³ Moore last worked as a route technician, servicing air machines.⁴ In June 2009, he was laid off after doing that job for nine years.⁵ Two years later, after his unemployment benefits ran out,⁶ Moore applied for DIB. He based disability on a collapsed lung, emphysema, and blood clots in lungs.⁷

Moore initially claimed he was disabled when he was laid off, but because of the special rules for claimants age 55 or older,⁸ Moore amended his onset date to the day he turned 55.⁹ As a result, this case considers whether Moore was disabled beginning November 14, 2010.

---

³SSA record at p. 119 (alleging disability beginning June 1, 2009).

⁴*Id*. at pp. 161, 165 & 183.

⁵*Id*. at pp. 34-35 & 160.

⁶*Id*. at pp. 185, 290, 313 & 342.

⁷*Id*. at p. 160.

⁸A person's age is important in determining whether a claimant is disabled because the regulations provide for special rules for claimants of advanced age (age 55 or older) who are limited to sedentary or light work. Under the special rules, the ALJ will find the claimant can make an adjustment to other work if he has skills that can transfer to other skilled or semiskilled work that he can do despite her impairment. 20 C.F.R. § 404.1568(d)(4).

⁹SSA record at p. 51.

**The Commissioner's decision**. After considering the application, the ALJ identified chronic obstructive pulmonary disease (COPD), obesity, and depression as medically determinable impairments, but determined that none of those conditions are severe.[10] Because a claimant must prove he has a severe impairment for further consideration,[11] the ALJ denied the application.[12]

Moore asked the Commissioner's Appeals Council to review the determination.[13] After the request was denied,[14] the ALJ's determination became a final decision for judicial review.[15] Moore filed this case to challenge the decision.[16] In reviewing the decision, the court must determine whether substantial evidence supports the decision

---

[10]*Id*. at p. 15.

[11]*McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) ("In step two, the ALJ determines whether the claimant is suffering from a severe impairment. If the claimant is not suffering a severe impairment, he is not eligible for disability insurance benefits."). *See also* 20 C.F.R. § 404.1520(a)(4).

[12]SSA record at p. 24.

[13]*Id*. at p. 6.

[14]*Id*. at p. 1.

[15]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[16]Docket entry # 1.

and whether the ALJ made a legal error.[17] This report explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Moore's allegations**. Because the ALJ denied the application at step two of the disability-determination process, Moore's argument focuses on severity. He says the ALJ didn't consider dyspnea (shortness of breath with exertion) secondary to a remote pulmonary embolism and collapsed lung. He contends the ALJ failed to properly consider obesity. He maintains the ALJ should have determined why the Department of Veterans Affairs (VA) awarded a 100% disability rating before making a determination. For these reasons, he argues substantial evidence does not support the ALJ's decision.[18]

**Applicable legal principles**. Step two of the disability-determination process requires the claimant to prove he has a severe impairment.[19] If the claimant fails to

---

[17]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[18]Docket entry # 14.

[19]*Bowen v. Yuckert*, 482 U.S. 137, 145 n.5 (1987) (explaining that the Commissioner bears the burden at step five if the sequential evaluation process proceeds that far; "The claimant first must bear the burden at step one of showing that he is not working, at step two that he has a medically severe impairment or combination of impairments, and

prove a severe impairment, the process ends. By requiring a severe impairment, the process weeds out claimants whose abilities to work are not significantly limited.[20]

To be severe, an impairment must significantly limit the claimant's physical or mental ability to do basic work activities.[21] Basic work activities include "(1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting."[22] For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Moore's impairments do not significantly limit his physical or mental ability to do basic work activities.[23]

---

at step four that the impairment prevents him from performing his past work.").

[20]*Bowen v. Yuckert*, 482 U.S. 137, 156-57 (1987) (O'Connor, J., concurring) (explaining that the Social Security Act authorizes the Commissioner to weed out applications by claimants who cannot possibly meet the statutory definition of disability at step two of the disability-determination process).

[21]*See* 20 C.F.R. § 404.1520(c) (explaining that a claimant is not disabled if he does "have any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities").

[22]20 C.F.R. § 404.1521(b).

[23]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to

**Whether substantial evidence exists**. According to Moore, he can't even walk to the car without becoming short of breath.[24] He can't lift over five pounds.[25] Pain in his chest, hands, legs, and feet prevent him from standing in the shower, feeding himself, concentrating, or even sitting to watch television.[26] Poor vision prevents him from driving.[27] But allegations are not enough to prove Moore has a severe impairment. To prove he has a severe impairment, Moore must provide "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability."[28] Moore presented no evidence satisfying this requirement.

<u>Remote medical evidence</u>. Moore's primary complaint is shortness of breath.[29]

---

support a conclusion.'").

[24]SSA record at p. 180.

[25]*Id*.

[26]*Id*. at pp. 173-81.

[27]*Id*. at p. 44.

[28]42 U.S.C. § 423 (d)(5)(A). *See also* 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.").

[29]*See* SSA record at pp. 35, 173-74, 176, 178, 180, 294, 313 & 338.

He contends he has been short of breath since August 2007, when pulmonary arteries in the lungs were blocked.[30] Moore was hospitalized for three days. Upon discharge, his doctor instructed him to follow up with a primary care physician and to take a blood-thinning medication.[31] Moore returned to work. He sought no followup treatment; he did not take prescribed medication.

Moore says he began to slow down at that time, frequently running out of breath,[32] but he worked for 50 hours per week, for 22 more months.[33] The record reflects no medical treatment during that time period. A reasonable mind would accept the evidence as adequate to show that pulmonary embolisms and shortness of breath do not significantly limit Moore's ability to do basic work activities, because he sought no medical treatment and he stopped working for a different reason.

<u>Medical evidence when Moore applied</u>. When he applied for DIB, Moore's only medical evidence was the treatment records for the August 2007 hospitalization. The ALJ ordered a general physical exam and a mental diagnostic exam because Moore alleged physical and mental impairment. The physical examiner identified shortness of

---

[30]*See id*. at p. 235 (admitted for chest pain and shortness of breath; he was smoking two packs of cigarettes daily) & p. 232 (pulmonary consultation: he reported a 30 year history of smoking; pulmonary emboli in each lung).

[31]*Id*. at p. 236.

[32]*Id*. at p. 35.

[33]*Id*. at pp. 161 & 166.

breath with exertion as Moore's main limiting factor.[34] Diagnostic imaging showed satisfactory lung volume.[35] Pulmonary function testing showed moderate COPD; moderate COPD is consistent with shortness of breath with exertion. The examiner reported that Moore has normal eyesight; his uncorrected vision is 20/30.[36] That finding discredits Moore's allegation that poor vision prevents him from driving and undermines the credibility of his allegations.

The psychological examiner identified no mental impairment. According to the examiner, Moore's history, symptoms, and presentation indicate no serious diagnosable mental or emotional disorder.[37] The examiner observed no limitations with concentration, persistence, or pace.[38] Moore can cope with mental demands of work.[39] To the extent Moore has depressive symptoms, those symptoms flowed from unemployment.[40]

---

[34]*Id.* at p. 271.

[35]*Id.* at p. 274.

[36]*Id.* at p. 268.

[37]*Id.* at p. 294.

[38]*Id.* at p. 295.

[39]*Id.*

[40]*Id.* at p. 290 (lamenting that no one will hire him because of his age; the government must want him to sleep in the street) & p. 313 ( reporting that Moore seemed slightly depressed; he is unemployed and his unemployment benefits ran out).

After reviewing the August 2007 treatment records and the consultative exams, medical experts agreed: Moore has no severe physical or mental impairment.[41] The agreed opinion is probative of Moore's argument because unlike other medical professionals, agency medical experts are familiar with the regulatory definition of a severe impairment. A reasonable mind would accept the agreed medical expert opinion as adequate to support the determination that Moore has no severe impairment.

Subsequent medical evidence. Four months after applying for DIB, and after the consultative exams, Moore sought medical treatment at a VA clinic. It was the first time he sought treatment since being discharged from the hospital. He complained about shortness of breath, but his doctor's findings were consistently negative: clear lungs, normal respiratory effort.[42] His doctor diagnosed COPD,[43] prescribed inhalers to control respiratory symptoms,[44] and characterized COPD as stable.[45] Moore declined pulmonary function testing.[46]

---

[41] Id. at pp. 298-301.

[42] Id. at pp. 333, 338, 344-45 & 350.

[43] Id. at p. 351.

[44] Id. at p. 320.

[45] Id. at p. 334.

[46] Id. at p. 340.

A few weeks before the hearing, the VA doctor observed Moore walk with a limp; Moore complained about right knee pain.[47] Diagnostic imaging showed mild arthritis in the right knee,[48] but nothing implicating a significant physical impairment. Despite negative medical and laboratory findings, Moore's VA doctor completed a medical source statement and reported numerous limitations.[49] Among other things, the VA doctor indicated that Moore is unable to sit for one hour or handle small objects with his hands. The ALJ properly rejected the statement as unsupported. The VA doctor's treatment notes reflect no impairment.

Moore twice presented to a VA therapist.[50] He claimed to be disabled and complained about the lack of income. He stated that he was selling his property to pay his rent and motorcycle payment. The therapist observed no cognitive deficits or suicidal ideation. Moore sought no further treatment. These facts implicate no severe mental impairment.[51]

---

[47]*Id*. at pp. 333-34.

[48]*Id*. at p. 325.

[49]*Id*. at pp. 306-09.

[50]*Id*. at pp. 340-43.

[51]*Accord Buckner v. Astrue*, 646 F.3d 549, 556 -557 (8th Cir. 2011) (agreeing that substantial evidence supported ALJ's finding that the claimant lacked a severe mental impairments; the psychological examiner concluded that claimant's depression and anxiety did not impair his activities of daily living, mildly limited social functioning, mildly limited concentration, persistence, and pace, and resulted in no episodes of

<u>VA unemployability rating</u>.  After reviewing the August 2007 treatment records and the VA treatment records, the VA awarded an unemployability rating.[52]  The VA did not review the two consultative exams.  Moore contends the ALJ should have developed the record to ascertain whether the award was for a physical or mental disability, but the notification letter provided the basis for the award: COPD and anxiety disorder with depression.[53]  Those conditions provide no basis for relief in this case because Moore has satisfactory lung volume and no doctor diagnosed depression or anxiety.

Moreover, the rules for determining unemployability for a VA award and disability for DIB differ.  Both determinations require the inability to perform substantial gainful activity, but what constitutes substantial gainful activity is different.[54]  The VA rules resolve doubts about disability in favor of the veteran,[55] but an

---

decompensation; claimant twice complained to an advanced practice nurse that his medication wasn't helping with depression, but he had several normal psychological evaluations during same time period).

[52]SSA record at p. 223.

[53]*Id*. at p. 224.

[54]*Compare* 38 C.F.R. § 4.16(b) ("all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled"), *and Faust v. West*, 13 Vet. App. 342, 356 (Ct. App. Vet. 2000) (holding that "a substantially gainful occupation" is "one that provides annual income that exceeds the poverty threshold for one person, irrespective of the number of hours or days that the veteran actually works and without regard to the veteran's earned annual income prior to his having been awarded a 100% rating based on individual

ALJ must evaluate the claimant's credibility and rely on competent medical evidence.[56] The ALJ evaluated Moore's credibility using the required two-step process and the required factors,[57] and properly determined that Moore greatly over-stated his pain and limitation. Competent medical evidence does not support his allegations. Even if medical experts had reviewed the VA treatment records, the agreed medical opinion would not have changed because the treatment records reflect no limitations.

Obesity. Moore's height and weight indicates he has been obese for many years. He snacks a lot and eats too much.[58] His weight likely contributes to shortness of breath with exertion, but there's no indication it prevents him from working. Moore weighed 256 in August 2007.[59] That weight equated to a body mass index of 33.8, placing Moore

---

unemployability"), *with*, 42 U.S.C. § 1382c(a)(3)(A) ("[A]n individual shall be considered to be disabled… if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months"), *and* 20 C.F.R. § 20 C.F.R. § 404.1510 ("Substantial gainful activity means work that--(a) Involves doing significant and productive physical or mental duties; and (b) Is done (or intended) for pay or profit.").

[55]38 C.F.R. §§ 3.102, 4.2, 4.3.

[56]*Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005); *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996); *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992).

[57]*See* SSR 96-7p, *Pol'y Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

[58]SSA record at p. 292.

[59]*Id*. at p. 255.

as obese. He weighed 285 in June 2011 when he applied for DIB.[60] He probably weighed somewhere in between during the 22 months he worked after his hospitalization. Gaining weight may have made it more difficult to work, but it did not prevent Moore from working. Moore declined the VA's weight management program. A reasonable mind would accept the evidence as adequate to show Moore's weight does not significantly limit his ability to do basic work activities.

<u>Cautious standard</u>. The court rarely reviews the denial of benefits at step two. The rarity of a step-two case probably flows from the Commissioner's rule instructing ALJs to exercise great care in applying the "not severe impairment" concept. Under the rule, an ALJ should continue the disability-determination process if the ALJ cannot clearly determine the effect of impairment on the claimant's ability to do basic work activities.[61] The Eighth Circuit refers to the instruction as a cautious standard.[62]

Although a cautious standard, the ALJ in this case could clearly determine the effect of impairment on Moore's ability to do basic work activities because: (1) Moore

---

[60]*Id*. at p. 262.

[61]*See SSR 85-28: Titles II & XVI: Med. Impairments that Are Not Severe* ("Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued.").

[62]*Gilbert v Apfel*, 175 F.3d 602, 605 (8th Cir. 1999) (referring to the instruction as a "cautious standard").

based his claim on impairments that did not prevent him from working, (2) he sought medical treatment to support a VA unemployability award, and (3) Moore's treatment records reflect nothing limiting his physical or mental ability to do basic work activities. Moreover, the treatment prescribed for his primary complaint — shortness of breath — shows his symptoms can be controlled with treatment. "Accordingly, [Moore's complaint] cannot be considered disabling."[63]

## Recommended Disposition

Substantial evidence supports the ALJ's step-two decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Moore's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 22nd day of September, 2014.

_____
United States Magistrate Judge

---

[63]*Wilson v. Chater*, 76 F.3d 238, 241 (8th Cir. 1996) ("As the ALJ found, Wilson has not demonstrated that he has a medically severe impairment. Of Wilson's numerous alleged medical problems, diabetes mellitus, hypertension, and ulcers are the only impairments supported by medical evidence in the record. Wilson conceded these problems were controllable by diet and medication. Accordingly, they cannot be considered disabling."). *See also Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").